# Miller v. Underwood.

*Action for Breach of Written Contract for Delivery of Cotton.*

*Internal revenue stamp on contract.* — Under the second proviso to the 158th section of the internal revenue law of the United States, which was of force on the 29th August, 1871, only the collector of the proper district can affix and cancel the stamps on a writing, which was not properly stamped at the time of its execution; the "assistant assessor" has no such power.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. P. O. HARPER.

This action was brought by William Miller against Vincent A. T. Underwood, was commenced on the 1st day of September, 1871, and was founded on a written contract, in the following words: "Greenville, Ala., May 22d, 1868. On or before the 1st day of November, 1868, I promise to pay to the order of William Miller, at the warehouse of —— in Greenville, Alabama, the entire crop of cotton raised on my farm in Crenshaw county the present year, the same to be sold by him at Mobile, or elsewhere, and the proceeds to be accounted for to *him*, after paying the sum of $626.48, and all interest, costs, charges, and expenses; which sum of money has been advanced to me, and received in provisions and necessary supplies, to enable me to carry on my farm, and make my crop the present year; and without which advances of provisions and supplies, I could not make my crop the present year. And this instrument is executed under the statute in such cases provided, authorizing liens upon crops for advances of supplies." The non-delivery of the cotton was the only breach assigned. The

[Miller *v.* Underwood.]

record does not show what pleas were filed. On the trial, as the bill of exceptions recites, the plaintiff offered in evidence the written contract on which the suit was founded, to which the defendant objected, " on the ground that it did not appear to have been stamped at the time of its execution, and the stamps cancelled as required by law." " On the left hand corner of said instrument, and underneath and attached to the same, immediately under the name of the subscribing witness thereto, there were seven internal revenue stamps, of five cents each, with the following words written on and across them : ' Cancelled, this 29th of August, 1871, J. T. Newcomer, Ass't Assessor Internal Revenue.' It was admitted, or not controverted, that on the 29th August, 1871, said J. T. Newcomer was the assistant assessor of internal revenue for the district in which Greenville, Alabama, was situated. The defendant testified, in support of his said objection, that, to the best of his recollection, no stamps were affixed to said instrument at the time of its execution ; that he had seen the said instrument once since its execution, and prior to the 29th August, 1871 ; and that, to the best of his recollection, no stamps were then on it. This being all the evidence on the motion, the court sustained the defendant's objection, and refused to permit the plaintiff to read said instrument as evidence to the jury." In consequence of this ruling of the court, to which the plaintiff reserved a bill of exceptions, he was compelled to take a nonsuit, which he now moves to set aside, assigning as error the ruling of the court excluding the contract as evidence.

JUDGE & HOLTZCLAW, for appellant.

HERBERT & BUELL, *contra.*

PETERS, J. — The sole question in this case arises on the construction of the 163d and 158th sections of the revenue law of the United States, as amended by the act of congress of July 13, 1866, entitled, " An act to reduce internal taxation, and amend an act, entitled, ' An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,' approved June 30, 1864, and acts amendatory thereof." Said section 163, so far as applicable to this case, is in these words : " That section 163 be amended, by striking out all after the enacting clause, and inserting in lieu thereof the following : That hereafter no deed, instrument, document, writing, or paper, required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded, or admitted or used as evidence in any court, until a

legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by law." Acts of Congress, 1866, 14 U. S. Statutes at Large, pp. 98, 143–4. This law does not render the instrument void, but only renders it incompetent as evidence " until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by law. The second proviso to the 158th section of said act prescribes how the stamp shall be affixed in such case, and is in these words : " That hereafter, in all cases, where the party has not affixed to any instrument the stamp required by law thereon, at the time of making or issuing the said instrument, and he or they, or any party having an interest therein, shall be subsequently desirous of affixing such stamp to such instrument, or, if said instrument be lost, to a copy thereof, he or they shall appear before the collector of the revenue of the proper district, who shall, upon payment of the price of the proper stamp required by law, and of a penalty of fifty dollars, and, where the whole amount of the tax denoted by the stamp required shall exceed the sum of fifty dollars, on payment also of interest, at the rate of six *per centum* on said tax from the day on which such stamp ought to have been affixed, affix the proper stamp to such instrument or copy, and note upon the margin thereof the date of his so doing, and the fact that such penalty has been paid ; and the same shall thereupon be deemed and held to be as valid, to all intents and purposes, as if stamped when made or issued." 14 U. S. Statutes at Large, pp. 142–3, § 158.

This action was commenced on the 1st September, 1871. The contract on which it was founded, as copied in the record, bears date at Greenville, Alabama, on the 22d day of May, 1868 ; and the bill of exceptions recites that, " on the left hand corner of said instrument, and underneath and attached to the same, immediately under the name of the subscribing witness thereto, there were seven internal revenue stamps, of five cents each ; " and that these stamps were marked " Cancelled, this, the 29th of August, 1871," by J. T. Newcomer, assistant assessor of internal revenue. The instrument sued on was such an one as required a stamp to be affixed to it, to give it validity as evidence ; but it was not necessary that the proper stamp should have been affixed at the time the instrument was signed or executed. This might be done after the signing and issuance, if done in the manner prescribed by law. This was not the case in this instance. When the stamp is omitted at the making of the instrument, the deficiency can only be supplied afterwards by the party interested appearing before the revenue collector of the proper district, and getting him, after observing the required preliminaries, to affix the necessary stamps which

[Dudley v. Witter.]

should have been affixed in the first instance, and cancelling and noting the same, as prescribed by the law above cited. This is the requirement of the law, and the duty thus imposed can only be discharged by the collector. Neither the assistant assessor, nor the assessor, has any such power. The act approved June 6th, 1872, entitled, "An act to reduce duties on imports, and to reduce internal taxes, and for other purposes," does not alter the necessity of a compliance with this requisition. Acts of Congress, 1871-2, p. 245; Ib. 272-3, § 36. The instrument not being properly stamped, it was incompetent as evidence, and was properly rejected.　　　　The judgment is affirmed.

Note by Reporter. — This case was decided at the January term, 1873 ; but the transcript was mislaid, and did not come to the hands of the reporter in time for the publication of the case in its proper place.